**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID J. MACMILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-576 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PENNSYLVANIA AIR NATIONAL | ) | |
| GUARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff's Motion to Remand (Doc. 4) currently is pending before the Court. For the foregoing reasons, the Court grants Plaintiff's Motion in part and denies it in part.

Plaintiff initiated suit in the above-captioned action by filing a Complaint in the Allegheny County Court of Common Pleas. Compl., Doc. 1-2. Plaintiff's Complaint alleges, in relevant part, that Plaintiff served as a member of the Pennsylvania Air National Guard ("National Guard") from 1983 until 2014. Id., at ¶ 4. The National Guard employed Plaintiff, in addition to his active service, as a civilian technician. Id., at ¶ 5. In January 2011, the U.S. Property and Fiscal Office-Pennsylvania Division ("USPFO-PA") published an audit concluding that numerous National Guard members violated the Uniform Services Employment and Reemployment Rights Act ("USERRA"). Id., at ¶ 14. Following the audit, the USPFO-PA issued collection notices. Id., at ¶ 20. Plaintiff formally objected to both the audit and collection efforts on the grounds that the USPFO-PA incorrectly sought collection of compensation that USERRA permitted. Id., at ¶¶ 21-23, 27. After objecting, Plaintiff alleges that he was passed over for jobs/promotions for which he was qualified, stripped of his duties and eventually terminated. Id., at ¶¶ 24, 28, 31, 35, 36, 38, 39-40. Defendant Adjutant General of Pennsylvania

("Adjutant General") noticed the removal of this action from the Allegheny County Court of Common Pleas on May 2, 2018. Doc. 1. On May 7, 2018, Plaintiff moved to remand. Doc. 4.

Plaintiff contends that the Court does not have subject matter jurisdiction because, although USERRA provides a federal cause of action, USERRA also divests federal courts of their jurisdiction in actions brought against states, as employers. The Court agrees. "In the case of an action against a State (as an employer) by a person, the action **may** be brought in a State court of competent jurisdiction in accordance with the laws of the State." 38 U.S.C.S. § 4323(b)(2) (2018) (emphasis added). Section 4323(b)(2)'s seemingly permissive language (*i.e.*, "may be brought") has been interpreted to constrain jurisdiction to state courts in USERRA actions against states as employers. See e.g., Wood v. Florida Atlantic Univ. Bd. of Trustees, 432 F. App'x. 812, 815 (11th Cir. 2011); McIntosh v. Partridge, 540 F.3d 315, 321 (5th Cir. 2008). [1]

Further, "in the case of a National Guard technician employed under section 709 of Title 32, the term 'employer' means the adjutant general of the State in which the technician is employed." 38 U.S.C. § 4303(4)(B). Under USERRA, "'[a]n action brought against a State

---

[1] The Court of Appeals for the Third Circuit has yet to decide whether the permissive language in § 4323(b)(2) excludes federal courts from jurisdiction in USERRA actions against states as employers. The Court, however, agrees with circuit courts holding that Congress did not intend to confer jurisdiction upon federal courts under USERRA in action against states as employers. The Supreme Court has articulated that "Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985); see also Bond v. United States, 134 S. Ct. 2077, 2088 (2014). The plain language of § 4323(b)(2)— that an "action **may** be brought in a State court of competent jurisdiction"—does not affirmatively articulate that an action *can* be brought in federal court. See Atascadero State Hosp., 473 U.S. at 241; Bond, 134 S. Ct. at 2088. Because the statutory language does not clearly state Congress's intent to abrogate states' immunity in federal court under § 4323(b)(2), the Court finds that Congress did not intend to confer federal courts with jurisdiction over these actions.

Adjutant General, as an employer of a civilian National Guard technician, is considered an action against a State for purposes of determining which court has jurisdiction.'" Stoglin v. MSPB, 640 F. App'x 864, 868 (Fed. Cir. 2016) (citing 20 C.F.R. § 1002.305(d)).

Plaintiff, as a civilian Nation Guard technician, has brought this action against his employer, the Adjutant General, a state employer. Thus, Plaintiff's suit is considered an action against the state for the purposes of determining jurisdiction, and an action against the state as an employer must be brought in state court under USERRA. e.g., Wood, 432 F. App'x. at 815. Therefore, the Court does not have federal question jurisdiction over this matter and must remand to the Allegheny County Court of Common Pleas, forthwith.

Plaintiff also requests that the Court order the Adjutant General of Pennsylvania to award costs and attorney's fees incurred in moving to remand because removal was "improper based upon the clear language of 38 U.S.C.S § 4323(b)(2)." Motion to Remand, at ¶ 9; see also, 38 U.S.C.S § 4323(b)(2) ("[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.").

The Supreme Court has announced that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U. S. 132, 141 (2005). In interpreting "objectively reasonable," several circuit courts have adopted a modified qualified immunity standard to determine whether attorney's fees should be awarded—i.e., whether clearly established law foreclosed defendant's basis for removal at the time of removal. Joseph v. Gov't of the V.I., No. 2011-83, 2013 U.S. Dist. LEXIS 99709, at *4 (D.V.I. July 17, 2013)

(collecting cases). The law is clearly established when either a "controlling authority in the[]

jurisdiction," Wilson v. Layne, 526 U. S. 603, 617 (1999), or a "robust 'consensus of cases of

persuasive authority'"[2] exists. Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011) (quoting Wilson,

526 U. S. at 617). The Court has not found—and Plaintiff has not cited—binding Third Circuit

authority articulating that states have exclusive jurisdiction over USERRA actions pursuant to

§ 4323(b)(2). Rather, circuit courts in other jurisdictions have interpreted § 4323(b)(2) to

abrogate federal jurisdiction in USERRA actions against states as employers.

Despite the growing consensus of persuasive authority emerging, the Court will not

award Plaintiff attorney's fees.[3] As a predicate matter, this Court is not bound by other circuit

courts' adoption of the qualified immunity standard and, by extension, the Supreme Court's

definition of "clearly established law." Instead, the Court notes that the Court considered the

arguably robust consensus of persuasive authority as a factor in its decision.

---

[2] "[S]uch a consensus requires more than mere agreement among various district courts," as "district court decisions… do not render the law clearly established." Joseph, 2013 U.S. Dist. LEXIS 99709, at *7. Rather, laws are deemed to be "clearly established" when they are of the type of "relatively long-standing and widespread consensus" presented in McClendon (collecting cases from six different court of appeals, some decided over a decade prior to the conduct at issue). See id.

[3] At least four courts of appeals for other circuits have held that jurisdiction for USERRA claims lies exclusively with state courts. Wood, 432 F. App'x. at 815 ("The text of USERRA has been interpreted to mean that jurisdiction to entertain private USERRA suits against state employers lies exclusively in state court."); McIntosh v. Partridge, 540 F.3d 315, 321 (5th Cir. 2008) ("USERRA's jurisdictional statute provides that in 'an action against a State (as an employer by a person, the action may be brought in a State court.' 38 U.S.C. § 4323(b)(2). … This language provides no indication that Congress intended for these cases to be brought in federal court."); Townsend v. Univ. of Alaska, 543 F.3d 478, 485 (9th Cir. 2008) ("[W]e conclude that the district court correctly dismissed Townsend's suit against the State for lack of subject matter jurisdiction … 'Congress's intention to limit USERRA suits against states to state courts is unmistakable.'" (quoting Velasquez v. Frapwell, 165 F.3d 593 (7th Cir. 1999)); Velasquez, 165 F.3d at 593 ("Congress's intention to limit USERRA suits against states to state courts is unmistakable").

In this instance, however, other considerations warrant the Court finding that the Adjutant General had an objectively reasonable basis to remove this action. The plain language of § 4323(b)(2) suggests that federal courts may share jurisdiction with state courts. Although courts have generally agreed that actions under USERRA against state court employers *must* be brought in state court, see <u>Joseph</u>, 2013 U.S. Dist. LEXIS 99709, at *7 (collecting cases), the plain language of § 4323(b)(2) could suggest otherwise, and, as previously noted, the Court of Appeals for the Third Circuit has not interpreted this provision. Given the statute's ambiguity, and the lack of binding authority interpreting it, the Adjutant General had a reasonable basis to conclude that removal was proper, even if a robust consensus of persuasive authority does not.[4]

Further, the Third Circuit is not bound by persuasive authority from other circuits. Although this Court agrees with the other circuit courts' reasoning, the Court of Appeals for the Third Circuit may not. Until the Court of Appeals rules otherwise, Defendants should not be sanctioned for advancing an objectively reasonable position in the face of contradictory persuasive authority.

Accordingly, Plaintiff's Motion to Remand (**Doc. 4**) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** insofar as it seeks remand to the Allegheny County Court of Common Pleas. It is **DENIED** insofar as it seeks attorney's fees.

---

[4] As an added note, the Justice for Servicemembers and Veterans Act of 2017, introduced in the Senate on March 15, 2017, accounts for the tumultuous case law surrounding § 4323(b)(2) and proposes amending this section to unambiguously stipulate that such actions may be brought in either state or federal court. S. 646, 115th Cong. § 2(A) (2017). The provision sets forth that "No State… shall be immune, under Eleventh Amendment of the Constitution or under any doctrine of sovereign immunity, from suit in **<u>federal or state court</u>** by any person for any violation under this chapter related to such program or activity" (emphasis added). <u>Id.</u> Thus, it is apparent to the Court that Congress has considered the case law surrounding § 4323(b)(2) and has proposed legislation to remedy its current interpretation.

IT IS SO ORDERED.


June 7, 2018                                    s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge


cc (via ECF email notification):


All Counsel of Record